IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

NATHAN THOMPSON,

 Plaintiff,

vs.

MADE TO MOVE INC.,
a Florida Profit Corporation, and
DALLAS WALDRON,
an individual, jointly and severally,

 Defendants.
_____/

## COMPLAINT FOR DAMAGES

 Plaintiff, NATHAN THOMPSON, sues Defendants, MADE TO MOVE INC. and DALLAS WALDRON, and shows:

### Introduction

 1. This is an action by NATHAN THOMPSON against his former employers for unpaid minimum wages pursuant to the Fair Labor Standards Act and unpaid wages pursuant to Florida common law.  Plaintiff seeks damages, court costs, and a reasonable attorney's fee.

### Jurisdiction

 2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

 3. The claim arose within the Middle District of Florida, which is where venue is proper.

**Parties and General Allegations**

4.     Plaintiff, NATHAN THOMPSON, (hereinafter "THOMPSON") a resident of Brevard County, was at all times material, employed by MADE TO MOVE INC., as a general laborer and mover, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with MADE TO MOVE INC., was engaged in commerce or in the production of goods for commerce.

5.     Defendant, MADE TO MOVE INC. (hereinafter, "MADE TO MOVE"), is a Florida Profit Corporation with headquarters in Brevard County, Florida, doing business throughout Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206.

6.     Defendant DALLAS WALDRON (hereinafter, "WALDRON") is a resident of Brevard County, Florida.

7.     At all times material to this Complaint, WALDRON has managed and/or operated Defendant MADE TO MOVE and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate pay of employees, and controlled its finances and daily operations. WALDRON did, in fact, hire Plaintiff, set Plaintiff's rate of pay and work schedule, and thus dictated the terms of Plaintiff's employment. By virtue

of such control and authority, WALDRON is an employer and/or joint-employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

### Count I – Violation of the FLSA by Both Defendants - Minimum Wage

8. Plaintiff, THOMPSON, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 above.

9. THOMPSON worked for MADE TO MOVE in approximately May and June of 2020. Specifically, during his final week of employment, THOMPSON worked for MADE TO MOVE but received no compensation whatsoever for that week and the work performed.

10. THOMPSON sent text messages to WALDRON requesting his final paycheck, to no avail.

11. MADE TO MOVE and WALDRON's failure to pay THOMPSON for that week of his employment violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

12. THOMPSON is entitled pursuant to the FLSA to recover from both Defendants:

   a. The applicable minimum wage in effect at the times he worked without receiving compensation;

   b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

   a. Enter judgment for THOMPSON and against MADE TO MOVE and WALDRON on the basis of their willful violations of the FLSA;

   b. Award THOMPSON actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

   c. Award THOMPSON an equal amount in liquidated damages;

   d. Award THOMPSON reasonable attorneys' fees and costs of suit; and

   e. Other such relief as this Court deems just.

**Count II – Violation of Florida common law by MADE TO MOVE INC. – Unpaid Wages**

  13. Plaintiff, THOMPSON, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7 above.

  14. THOMPSON worked for MADE TO MOVE in approximately May and June of 2020.

  15. THOMPSON was promised an hourly wage of $12.00 for his services.

  16. THOMPSON accepted this rate of pay and began work for MADE TO MOVE, thereby forming a contract for his services.

  17. During the last week of his employment in June of 2020, THOMPSON performed work for MADE TO MOVE but was never compensated for his work.

  18. MADE TO MOVE breached the contract by failing to pay THOMPSON the agreed upon wages for his hours worked.

  19. THOMPSON sent text messages to WALDRON requesting his final paycheck, to no avail.

  20. MADE TO MOVE's failure to pay THOMPSON his wages owed has resulted in damages to THOMPSON.

  21. THOMPSON is entitled to recover from Defendant MADE TO MOVE his unpaid wages, the costs of this action, and a reasonable attorney's fee.

  WHEREFORE, Plaintiff prays that this Honorable Court:

   a. Enter judgment for THOMPSON and against MADE TO MOVE on the basis of its

      breach of their agreement for wages;

    b. Award THOMPSON actual and compensatory damages;

    c. Award THOMPSON reasonable attorneys' fees and costs of suit; and

    d. Other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: October 27, 2020
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for NATHAN THOMPSON