UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATHAN THOMPSON,

      Plaintiff,

v.                                  Case No: 6:20-cv-1993-RBD-EJK

MADE TO MOVE INC. and
DALLAS WALDRON,

      Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Renewed Motion for Entry of Default Judgment as to All Defendants (the "Motion"). (Doc. 19.) Upon consideration, I respectfully recommend that the Motion be Granted.

### I. BACKGROUND

Plaintiff instituted this action against Defendants on October 27, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and Florida common law. (Doc. 1.) Plaintiff worked as a laborer and mover for Defendants from May 2020 through June 2020. (*Id.* ¶ 9.) Plaintiff alleges he was not compensated for work performed during his final week of employment, even after making several requests for his paycheck. (*Id.* ¶¶ 9–10.)

On October 29, 2020, Plaintiff served both Defendants by leaving a copy of the summonses and the Complaint with Alley Azar at 609 Camellia Drive, Melbourne, Florida 32901, which is Defendant Dallas Waldron's usual place of abode. (Docs. 9,

10.) Waldron is the registered agent for Defendant Made to Move Inc. ("Made to Move"). (Doc. 12 at 4.) The Affidavits of Service indicate that Alley Azar is Waldron's roommate and co-resident, who is at least 15 years old. (Docs. 9, 10.) On December 11, 2020, Plaintiff moved for entry of Clerk's default as to all Defendants, which the Clerk entered on December 21, 2020. (Docs. 11, 13.) Plaintiff's first Motion for Default Judgment was denied without prejudice on March 10, 2020. (Doc. 16.) Plaintiff thereafter filed the instant motion.

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . surviv[ing] a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-

T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III.   DISCUSSION

#### A. Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendants. Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . . ." Fed. R. Civ. P. 4(k)(1)(A). The undersigned previously found that service of process was perfected on Defendants. (Doc. 12.) As such, this Report and Recommendation will not reiterate its findings regarding service of process on these Defendants.

In addition to adequate service of process, the party moving for default judgment must demonstrate that the Court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver

of same), a Court must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law." *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

In the Complaint, Plaintiff alleges that Made to Move is a Florida Profit Corporation with headquarters in Brevard County, Florida, doing business throughout Florida; is an enterprise engaged in an industry affecting commerce; and is an employer as defined by 29 U.S.C. §§ 203(d), (s)(1). (Doc. 1 ¶ 5.) Plaintiff also alleges that Waldron is a resident of Brevard County, Florida. (*Id.*) The undersigned finds that there is personal jurisdiction over Made to Move, as it is a citizen of the state of Florida, and thus subject to suit in Florida.

However, Plaintiff alleges only that Waldron resides in Florida, not that he is a citizen of Florida. For an individual, "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction . . . . And domicile requires both residence in a state and 'an intention to remain there indefinitely[.]'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt,* 293 F.3d 1254, 1257–58) (11th Cir. 2002)). "Residence alone is not enough" to establish the citizenship of an individual. *Travaglio*, 735 F.3d at 1269 (citing *Denny v. Pironi*, 141 U.S. 121, 122 (1891)). Without any information as to Waldron's domicile, the Court cannot ascertain whether he is citizen of Florida, and thus whether the Court has personal jurisdiction over him pursuant to Rule 4(k)(1)(A). However, Florida's long arm statute could also provide personal jurisdiction over Waldron.

"'A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "The exercise of jurisdiction must: (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *HostLogic Zrt. v. GH Int'l, Inc.*, No. 6:13-cv-982-Orl-36, 2014 WL 2968279, at *5 (M.D. Fla. June 30, 2014) (citing *Diamond Crystal Brands*, 593 F.3d at 1257–58). Florida's long-arm statute provides personal jurisdiction over anyone who conducts, operates, engages in, and carries on business in Florida. Fla. Stat. § 48.193(1)(a).

Here, Plaintiff alleges that Waldron manages the day-to-day operations of Made to Move, including the hiring and payment of employees. (Doc. 1 ¶ 7.) These acts would subject Waldron to personal jurisdiction under Florida's long-arm statute. Fla. Stat. § 48.193(1)(a). Moreover, the undersigned finds that an exercise of jurisdiction would not violate the Due Process Clause because Plaintiff's claims arise out of Waldron's contacts with Florida, i.e., the management of Made to Move's employees. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Therefore, I respectfully recommend that the Court find that there is personal jurisdiction over both Defendants.

B. Venue

Plaintiff alleges that venue is appropriate in the Middle District of Florida because the events giving rise to his claims occurred in this District. (Doc. 1 ¶ 3.) This is corroborated by his allegations that he worked for Defendants as a laborer and mover in Brevard County, Florida. (*Id.* ¶ 2–4.) Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Since the events giving rise to this action occurred in one of the counties served by the Orlando division, the undersigned finds that venue is appropriate.

C. Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over his FLSA claims and supplemental jurisdiction over his state law claims. (Doc. 1 ¶ 2.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *U.S. Bank Nat'l Ass'n v. Windsor*, No. 6:15-cv-1895-Orl-41GJK, 2016 WL 3166851, at *2 (M.D. Fla. Mar. 14, 2016), *report and recommendation adopted*, 2016 WL 3144143 (M.D. Fla. June 6, 2016). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also Kemp v.*

*Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint.").

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a court may decline from exerting supplemental jurisdiction if the state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(2).

Here, Plaintiff brings claims arising under the FLSA, which is a federal law; thus, the Court has federal question jurisdiction. Further, his state law claims for unpaid wages arise out of his employment with Defendants, which is also the basis for his FLSA claim. The undersigned finds that because the state law claims arise out of the same controversy as the FLSA claim, the Court has supplemental jurisdiction over the state law claims.

### D. Entitlement to Default Judgment and Damages

#### *i.    Plaintiff Has Established a Claim Under the FLSA (Count I)*

Under Count I, Plaintiff alleges that Defendants failed to pay him for his final week of employment during June of 2020, which violates the FLSA minimum wage provision. (Doc. 1 ¶¶ 9–12.) The FLSA establishes minimum wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production

of goods for commerce." 29 U.S.C. §§ 206(b), 207(b). "To trigger liability under the FLSA's minimum wage provisions, . . . [P]laintiff must show: (1) an employee-employer relationship exists between [him and Defendants], and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, . . . [P]laintiff must demonstrate that (1) he is employed by . . . [D]efendant[s], (2) . . . [D]efendant[s] engaged in interstate commerce, and (3) . . . [D]efendant[s] failed to pay him minimum . . . wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

The FLSA requires that an employee receive no less than a minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c). Any employer who violates the FLSA's minimum wage provision is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between himself and Defendants. Plaintiff alleges he was employed by Defendants as a laborer and mover in approximately May and June of 2020. (Doc. 1 ¶¶ 4, 9.) He also alleges that Waldron "managed and/or operated Defendant [Made to Move] and regularly exercised the authority to hire and fire its employees, determine

the work schedules of employees, set the rate pay of employees, and controlled its finances and daily operations. [Waldron] did, in fact, hire Plaintiff, set Plaintiff's rate of pay and work schedule, and thus dictated the terms of Plaintiff's employment." (*Id.* ¶ 7); *see Elwell v. Pierce N Tell, LLC*, No: 8:13–cv–2857–T–30TBM, 2014 WL 12617813, at *2 (M.D. Fla. Mar. 6, 2014) (citing *Patel v. Wargo*, 803 F. 2d 632, 638 (11th Cir. 1986)) (holding that allegations about a company's owner who engaged in the day-to-day operations of the business and had direct supervisory responsibility over plaintiff were sufficient to state a cause of action under the FLSA against an individual and company).

With respect to the coverage element, "a plaintiff employee must establish one of two types of coverage under the FLSA: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)). "An employer falls within the FLSA's enterprise coverage if it meets two requirements: (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or done,'" which is in excess of $500,000. *Id*. (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Complaint, Plaintiff alleges that Made to Move meets enterprise coverage because it had annual gross revenue that totaled $500,000 or more and was engaged in interstate commerce within the meaning of the FLSA, since it had employees that handled, sold, or worked on goods or materials produced in, or moved through, interstate commerce. (Doc. 1 ¶ 5.) Accepting these allegations as true, I find they sufficiently demonstrate enterprise coverage.

To support his FLSA minimum wage claim, Plaintiff alleges that Defendants failed to pay him minimum wages. (*Id.* ¶ 9.) Namely, Defendants failed to pay Plaintiff for his final week of work in June 2020. (*Id.*) I recommend that the Court find that these well-pleaded allegations demonstrate that the Defendants failed to pay Plaintiff minimum wages as required by the FLSA.

Having established a violation of § 206, Plaintiff is entitled to an award of damages, consisting of his unpaid minimum wages and an equal amount of liquidated damages. *See* 29 U.S.C. § 216(b). In support of his damages, Plaintiff attests in his Declaration that he was not paid his final wages for 37 hours of work he performed for Defendants during the last week of June. (Doc. 33-1 ¶ 7.) Plaintiff seeks $268.25 for 37 hours at the Federal minimum wage rate of $7.25 per hour. After reviewing the evidence presented, I recommend that the Court find that Plaintiff is entitled to actual damages in the amount of $268.25 and an equal amount of liquidated damages in the amount $268.25, amounting to a total of $536.50 for his FLSA minimum wage claim.

> ii. *Plaintiff Has Established a Claim Under the Florida Minimum Wage Act (Count II)*

For Count II, Plaintiff brings a claim for unpaid wages pursuant to Florida common law. Under Florida law, "unpaid wages" is a "[t]erm [that] should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed." *Elder v. Islam*, 869 So. 2d 600, 602 (Fla. 5th DCA 2004). Furthermore, claims for unpaid wages under Florida common law are typically pleaded as breach of contract claims. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009). In order to state a valid breach of contract claim, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Id.* at 1272 (citation omitted).

Plaintiff frames his unpaid wage claim as one for breach of his employment agreement (Doc. 1 ¶ 13–21) and sufficiently pleads each of the above elements in the Complaint. Specifically, Plaintiff alleges he entered into an agreement with Defendants that set forth "an hourly wage of $12.00 for his services." (*Id.* ¶ 15–16.) Plaintiff further alleges that he performed work for Defendants, but Defendants failed to compensate him for his work, in breach of the contract, which resulted in damages. (*Id.* ¶ 17–20.) Plaintiff seeks $444.00, calculated at a rate of $12.00 per hour for 37 hours. (Doc. 33-1 ¶ 9.) Accepting these allegations as true, Plaintiff has adequately stated a claim for unpaid wages under Florida common law. After reviewing the evidence presented, I recommend that the Court find that Plaintiff is entitled to

$444.00 as unpaid wages under Florida common law.

### E. Entitlement to Attorney's Fees and Costs

In the Complaint, Plaintiff makes a claim for attorney's fees and costs. (Doc. 1 ¶ 21.) Because I found that Plaintiff is entitled to default judgment on his FLSA and Florida common law claims, I respectfully recommend that the Court award Plaintiff attorney's fees and costs for time spent litigating this case. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Fla. Stat. § 448.08.

Notwithstanding the foregoing recommendation, the Motion does not provide any documentation supporting a fee award. (Doc. 19); *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (providing that when a party makes a claim for fees, it is that party's burden to establish entitlement and to document the appropriate hours and hourly rate)). Thus, at this stage, I cannot recommend an amount of attorney's fees and costs that should be awarded to Plaintiff. Instead, I recommend that the Court allow Plaintiff fourteen days from the entry of judgment to file a motion for attorney's fees and costs. *See* Fed. R. Civ. P. 54(d)(2)(B).

## IV. RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT** the Motion (Doc. 19.)

2. **FIND** that Plaintiff is entitled to default judgment on Counts I and II.

3. **FIND** that Plaintiff is entitled to damages on Counts I and II amounting to **$980.50**.

4. **FIND** that Plaintiff is entitled to attorney's fees and costs for time spent litigating this action.

5. **ENTER** a final default judgment in favor of Plaintiff and against Defendants in the amount of **$980.50**.

6. **GRANT LEAVE** for Plaintiff to file a motion for attorney's fees and costs **within fourteen days** of an order adopting this report and recommendation.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 7, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE